PER CURIAM.
Carl Redding appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Redding alleges that he received eighteen years in the Department of Corrections following a plea of no contest to two felonies. He further alleges that his attorney was ineffective in failing to depose or to interview three witnesses whom Redding names in his motion and whom Redding alleges he requested his attorney to interview or to depose. Redding alleges that an interview of the first witness would have shown that that witness gave false testimony against Red-ding. Redding alleges that interviewing or deposing the other two witnesses would have provided him with an alibi to the charged crimes. The trial court denied the motion as defective on its face.
We conclude that Redding’s allegations that he gave three names to his attorney and described how each would have impacted his case and that the attorney failed to interview or to depose them constituted a sufficient predicate to entitle him to more than a summary denial of his motion. We, therefore, reverse the order denying the motion for postconviction relief. On remand, if the court again concludes that summary denial is proper, it must attach to its order those *891 portions of the ease file and record which demonstrate that Redding is entitled to no relief; otherwise, the court must conduct an evidentiary hearing to determine the merits of Redding’s claims.
Reversed and remanded.
RYDER, A.C.J., and PARKER and ALTENBERND, JJ., concur.